# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JERRY R. LAWSON,                          :

      Petitioner,                    :        Case No. 3:96-cv-163

                                                       :        District Judge Walter Herbert Rice
      -vs-                                          Magistrate Judge Michael R. Merz
                                                       :

WARDEN, Mansfield Correctional
 Institution                               :

      Respondent.                    :

## SCHEDULING ORDER

In the Supplemental Petition for Writ of Habeas Corpus, Petitioner requests in part

> (A) That a hearing be set and conducted at which testimony and exhibits may be offered and admitted to prove the allegations contained in Petitioner's Supplemental Habeas Corpus Petition set out as his Forty-Ninth Claim for Relief;

(Doc. No. 290, PageID 47).  The request for additional hearings is repeated in Petitioner's Reply

(Doc. No. 299, PageID 86).

28 U.S.C. § 2254(e)(2) provides that "[i]f the applicant has failed to develop the factual basis

of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim"

with certain exceptions.

> Under AEDPA, a defendant who "failed to develop the factual basis of a claim in State court proceedings" cannot obtain an evidentiary hearing unless he satisfies two statutory exceptions not applicable here. 28 U.S.C. § 2254(e)(2). However, when a defendant diligently seeks an evidentiary hearing in the state courts in the manner

-1-

> prescribed, but the state courts deny him that opportunity, he can avoid § 2254(e)(2)'s barriers to obtaining a hearing in federal court. *Williams v. Taylor*, 529 U.S. 420, 437, 146 L. Ed. 2d 435, 120 S. Ct. 1479 (2000). A defendant fails to develop the factual basis of a claim only when he is at fault for failing to develop the factual record in state court, as when he or his counsel has not exercised proper diligence, or greater fault, in failing to develop the record. *Id.* at 432; *Moss v. Hofbauer*, 286 F.3d 851, 858-59 (6th Cir.), *cert. denied*, 537 U.S. 1092, 154 L. Ed. 2d 639, 123 S. Ct. 702 (2002). The test for "failed to develop" is defined as a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel" in his or her attempts to discover and present a claim in the state court. *Williams*, 529 U.S. at 432; *Thompson v. Bell*, 315 F.3d 566, 594 (6th Cir. 2003). Diligence for purposes of § 2254(e)(2) depends upon "whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in the state court." *Williams*, 529 U.S. at 435; *Thompson*, 315 F.3d at 594. If the petitioner did not fail to develop the facts in the state court, then the district court may hold an evidentiary hearing. *Williams*, 529 U.S. at 433; *Thompson*, 315 F.3d at 594; *Moss*, 286 F.3d at 859.

*McAdoo v. Elo,* 346 F.3d 159, (6th Cir. 2003).

> Prior to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, the decision to grant an evidentiary hearing was generally left to the sound discretion of district courts. *Brown v. Allen*, 344 U.S. 443, 463-464, 73 S. Ct. 397, 97 L. Ed. 469 (1953); see also *Townsend v. Sain,* 372 U.S. 293, 313, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963). That basic rule has not changed. See 28 U.S.C. § 2254, Rule 8(a) ("The judge must review the answer [and] any transcripts and records of state-court proceedings . . . to determine whether an evidentiary hearing is warranted").

*Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

It has been this Court's practice in exercising its discretion regarding evidentiary hearings to require a petitioner to show what evidence he wishes to present in federal court and what diligent effort he made to present the same evidence in the state court proceedings. Here, of course, there

was an evidentiary hearing on Petitioner's successive petition for post-conviction relief. A good deal of Petitioner's pleadings since the case returned to this Court are devoted to describing deficiencies in the conclusions from those proceedings, but this Court is not advised of any barriers presented in those proceedings to the presentation of evidence.

Accordingly, it is hereby ORDERED that Petitioner file a motion for evidentiary hearing not later than June 1, 2010, attempting to satisfy the standards in 28 U.S.C. § 2254(e)(2). An attempt should be made to obtain Respondent's consent to the hearing and its scope. If no agreement is reached, the motion will be briefed on the schedule in S. D. Ohio Civ. R. 7.2.

May 13, 2010.

s/ **Michael R. Merz**

United States Magistrate Judge